IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

NICOLE DOMNARSKI,                )
                                 )
            Plaintiff,           )
                                 )
      v.                         )      Civil Action No.  3:12-CV-30139
UBS FINANCIAL SERVICES INC.,     )
                                 )
            Defendant.           )

## UBS FINANCIAL SERVICES INC.'S RESPONSE TO PLAINTIFF'S COMPLAINT TO VACATE ARBITRATION AWARD AND CROSS-MOTION TO CONFIRM ARBITRATION AWARD

NOW COMES Defendant UBS Financial Services Inc., ("UBS") by and through its attorney, David W. Krumsiek, and in Response to Plaintiff Nicole Domnarski's ("Domnarski") Complaint to Vacate Arbitration Award and in Support of UBS Financial Services Inc.'s, Cross-Motion To Confirm Arbitration Award, states as follows:

### INTRODUCTION

More than three months ago, UBS obtained a default arbitration award in its favor and against its former employee Domnarski.  Domnarski now seeks to vacate that validly entered award, claiming that it was procured by corruption, fraud or undue means.[1]  Domnarski's claim lacks merit and this Court should deny Domnarski's motion for numerous reasons.  First, Domnarski's motion was not filed or served within the three month time limit set forth in the Federal Arbitration Act (the "FAA") and therefore her motion is untimely.  Second, if her motion is timely (which it is not), Domnarski fails adequately to plead grounds to vacate the award entered in UBS's favor.  In fact, the evidence shows to the contrary:  that she was validly served

---

[1] Plaintiff improperly styled her pleading as a "Complaint" to Vacate Arbitration Award. Under the Federal Arbitration Act it should have been styled as a motion and will be referred to as such herein. 9 U.S.C. § 6.

with the statement of claim and the arbitrator entered a default award against her because she failed to file an answer or even an appearance despite several reminders. She cannot now be heard to complain that she was denied the opportunity to participate in the arbitration. Thus, Domnarski's motion should be denied.

Furthermore, pursuant to Sections 9 and 13 of the FAA, the Court should enter an order confirming the arbitration award and enter judgment in favor of UBS and against Domnarski in accordance with that award.

## BACKGROUND FACTS

UBS is, and at all relevant times has been, a member firm registered with the Financial Industry Regulatory Authority ("FINRA"). From November 19, 2008 through August 25, 2011, Domnarski was employed as a financial advisor with UBS. See Aff. of Magaly Peña at ¶ 4, a copy of which is attached hereto as Exhibit A. Pursuant to the terms of Domnarski's employment with UBS and her own registration with FINRA as an associated person of UBS, any disputes between UBS and Domnarski were required to be arbitrated pursuant to the FINRA Code of Arbitration Procedure for Industry Disputes ("FINRA Code"). Peña Aff. at ¶ 4 and Ex. 3 thereto at p. 12. In her motion Domnarski does not dispute her obligation to arbitrate this case at FINRA.

In connection with her employment, Domnarski received from UBS two Employee Transition Program loans. Domnarski executed two Promissory Notes in connection with these loans. Peña Aff. at ¶¶ 5-6 and Exs. 4 & 5 thereto. When Domnarski resigned her employment with UBS on August 25, 2011, there remained a total of $126,442.58 due and owing under the notes which became immediately due and payable from Domnarski. Domnarski did not pay UBS any of the amount due. Accordingly, on January 9, 2012, UBS filed a statement of claim

2

with FINRA to collect damages caused by Domnarski's default under the two promissory notes. See Aff. of Roy Rowsell at ¶ 4 and Ex. 1 thereto, a copy of which is attached hereto as <u>Exhibit B</u>.

Pursuant to FINRA Code § 13301, FINRA, not the claimant, serves the statement of claim on the respondent in arbitration. (Relevant sections of the FINRA Code are attached hereto as <u>Exhibit C</u>.) Here, FINRA served the statement of claim on Domnarski on January 11, 2012 along with a letter informing her that she was named as a party and had until March 1, 2012 to file her Answer. Rowsell Aff. at ¶ 4 and Ex. 1 thereto.  FINRA served Domnarski with the statement of claim at the following address: 56 Onley Street, Palmer, MA 01069. *Id.* at ¶ 4.  The statement of claim was not returned as undeliverable by the U.S. Postal Service. *Id.*

FINRA did not receive an Answer by the March 1, 2012 deadline and subsequently sent Domnarski a letter advising her as such. *Id.* at ¶ 5 and Ex. 2 thereto.  FINRA also advised Domnarski that "if a party does not answer within the time period specified in the Code of Arbitration Procedure, the panel may bar that party from presenting any defenses or facts at the hearing. In addition, the party may also be subject to default proceedings." *Id.*  A few weeks later, FINRA mailed a letter to both parties advising them that an arbitrator was selected. *Id.* at ¶ 6 and Ex. 3 thereto. Despite these repeated notices from FINRA, neither Domnarski nor her attorney filed an appearance, in the form of a signed Submission Agreement, or an Answer with FINRA. *Id.* at ¶ 7.

On April 24, 2012, Arbitrator Sandor Rabkin issued an award in favor of UBS and against Domnarski, awarding UBS $126,442.58 in compensatory damages and $300 in costs. *Id.* at ¶ 8 and Ex. 4 thereto. FINRA sent the award to both parties via Federal Express Next Day

Delivery on April 27, 2012. *Id.* The award was delivered to Domnarski on April 28, 2012.[2] *Id.*
at ¶ 9 and Ex. 5 thereto.

Domnarski filed the instant motion on July 31, 2012, more than three months after the
award was sent by FINRA and received by Domnarski. She faxed a copy to UBS the same day.
Peña Aff. at ¶ 7. UBS was not actually served with Domnarski's motion until August 7, 2012,
when a copy was personally served at UBS's corporate headquarters in Weehawken, New
Jersey. *Id.*

## ARGUMENT

### I. Domnarski Failed To Serve UBS Timely With The Motion To Vacate The Arbitration Award.

Domnarski failed to serve a notice of motion to vacate within the time limit prescribed by
the FAA, thus requiring this Court to deny her motion. Pursuant to Section 12 of the FAA,
"[n]otice of a motion to vacate, modify or correct an award must be served on the adverse party
or his attorney *within three months after the award is filed or delivered.*" 9 U.S.C. § 12
(emphasis added). Domnarski has yet to serve a <u>notice</u> of motion to vacate. As for her so-
called complaint, it was served on UBS after the three month deadline set forth in the FAA and
thus was untimely.

Because UBS and Domnarski agreed to arbitrate at FINRA, the FINRA Code and its
procedural rules became part of the arbitration contract. *See, e.g., Kashner Davidson Secs. Corp.
v. Mscisz*, 531 F.3d 68, 77 (1st Cir. 2008). FINRA Code § 13300(e) provides that "filing and
service are accomplished on the date of mailing either by first-class postage prepaid mail or
overnight mail service, or in the case of other means of service, on the date of delivery." FINRA

---

[2] While Domnarski claims in her motion that she received the award on May 1, 2012, her assertion is not supported
by an affidavit and should be rejected in light of the Affidavit of Roy Rowsell (<u>Exhibit A</u> hereto) establishing that
the award was delivered to her on April 28, 2012.

sent the award to Domnarski via Federal Express Next Day Delivery on April 27, 2012 (Rowsell Aff. at ¶ 8 and Ex. 4 thereto) and thus under FINRA Code § 13300(e), Domnarski was served with the award on that day.  Therefore, under Section 12 of the FAA, Domnarski had three months from April 27, 2012, or until July 27, 2012, to serve a motion to vacate.  Alternatively, if the Court were to use the date the award was delivered to Domnarski (April 28, 2012), she had until July 28, 2012 to serve her motion to vacate.

Domnarski failed to serve her motion on UBS by either deadline.  Section 12 of the FAA states that service of a notice of motion to vacate is to be made "as prescribed by law for service of notice of motion in an action in the same court." 9 U.S.C. § 12.  Local Rule 5.2(a) states that service is to be effectuated in accordance with Rule 5 of the Federal Rules of Civil Procedure. Rule 5(b) of the Federal Rules of Civil Procedure provides as follows:

> (1) *Serving an Attorney.* If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.
>
> (2) *Service in General.* A paper is served under this rule by:
> (A) handing it to the person;
> (B) leaving it:
> (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or
> (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;
> (C) mailing it to the person's last known address—in which event service is complete upon mailing;
> (D) leaving it with the court clerk if the person has no known address;
> (E) sending it by electronic means if the person consented in writing—in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served; or
> (F) delivering it by any other means that the person consented to in writing—in which event service is complete when the person making service delivers it to the agency designated to make delivery.

Fed. R. Civ. Pro. 5(b).

Although UBS was represented by counsel in the underlying arbitration, Domnarski did make any attempt to serve counsel as required by Rule 5(b)(1). Instead, Domnarski attempted service on UBS directly by two different methods:  (1) by facsimile on July 31, and (2) by hand delivery on August 7. The attempted service of the "Complaint" by facsimile, however, was not valid because UBS never consented in writing to accepting service via facsimile. In any event, even if this attempted service was valid, it was still made four days late. The hand delivery upon UBS on August 7, 2012, while arguably valid, was even more untimely – eleven days late. Even there, however, Domnarski still failed to comply with Section 12 of the FAA because she did not serve a notice of motion, but rather only a "Complaint." To this day, Domnarski has not filed an actual notice of motion to vacate.

Courts strictly enforce the three month time limit even where, as here, a party is just a few days late in filing a motion to vacate. For example, in *Fradella v. Petricca,* the First Circuit affirmed the district court's denial of a motion to vacate an arbitration award because the motion was seven days late. *Fradella v. Petricca,* 183 F.3d 17, 18 (1st Cir. 1999). Similarly, in *Eastern Seaboard Constr. Co. v. Gray Constr. Inc.,* the court denied the plaintiff's request to partially vacate the arbitrator's award on the basis that the plaintiff "did not within three months request modification of the award..." *Eastern Seaboard Constr. Co. v. Gray Constr. Inc.,* 553 F.3d 1, 14 (1st Cir. 2008).

Because Domnarski failed to serve a notice of motion to vacate within three months after the award was filed or delivered as required by Section 12 of the FAA, the Court should deny Domnarski any relief and not allow her to challenge the award.

## II. Domnarski Fails To Set Forth Valid Grounds Upon Which To Vacate The Award.

Even if the Court were to consider the substance of Domnarski's untimely motion, it should still deny her any relief because she fails to set forth valid grounds for vacating the award. Domnarski's argument – that her attorney was not served with a copy of the statement of claim – lacks any legal support and certainly does not rise to the level of "corruption, fraud or undue means" which would give the Court a basis for vacating the award under the FAA.

The authority of the federal court to disturb an arbitration award is tightly circumscribed. *Cytec Corp. v. DEKA Products, L.P.,* 439 F.3d 27, 32 (1st Cir. 2006). The FAA "does not allow courts to roam unbridled in their oversight of arbitral awards, but carefully limits judicial intervention to instances where the arbitration has been tainted in certain specific ways." *Advest, Inc. v. McCarthy,* 914 F.2d 6, 8 (1st Cir. 1990). Specifically, Section 10(a) of the FAA sets forth the only grounds upon which an award may be vacated:

> (1) where the award was procured by corruption, fraud or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

Domnarski brings her motion under Section 10(a)(1) of the FAA, claiming that the award "was procured by corruption, fraud or undue means." In order to vacate an arbitration award under Section 10(a)(1) for fraud, a party must demonstrate: (1) clear and convincing evidence of fraud, (2) that the fraud materially relates to an issue involved in the arbitration, and (3) that due diligence would not have prompted the discovery of the fraud during or prior to the arbitration.

*Int'l Brotherhood of Teamsters, Local 519 v. UPS,* 335 F.3d 497, 503 (6th Cir. 2003); *Forsythe Int'l, S.A. v. Gibbs Oil Co.,* 915 F.2d 1017, 1022 (5th Cir. 1990); *Bonar v. Dean Witter Reynolds, Inc.,* 835 F.2d 1378, 1383 (11th Cir. 1988); *Dogherra v. Safeway Stores, Inc.* 679 F.2d 1293, 1297 (9th Cir. 1982); *Ramirez-Lebron v. Int'l Shipping Agency, Inc.,* 2008 U.S. Dist. LEXIS 55152, \*15 (D.P.R. 2008); *Int'l Brotherhood of Firemen & Oilers, Local #261 v. Great Northern Paper Co.,* 1984 U.S. Dist. LEXIS 22582, \*15 (D.C. Me. 1984).

Likewise, the term "undue means" "describes underhanded or conniving ways of procuring an award that are similar to corruption or fraud, but do not precisely constitute either. *Nat'l Cas. Co. v. First State Ins. Group,* 430 F.3d 492, 499 (1st Cir. 2005). Undue means connotes immoral behavior, or conduct of equal gravity to corruption or fraud, such as a physical threat to an arbitrator. See *PaineWebber Group, Inc. v. Zinsmeyer Trusts Pshp.,* 187 F.3d 988, 991 (8th Cir. 1999) (collecting cases).

The scant, conclusory allegations of Domnarski's motion do not come close to meeting this high standard. Significantly, Domnarski does not allege that <u>she</u> did not receive a copy of the statement of claim from FINRA. Instead, Domnarski alleges that the award was procured by corruption, fraud or undue means because her attorney was not served with a copy of the statement of claim. She claims that because her attorney sent a "letter of representation" to UBS "on September 18, 2012" [sic – presumably she means September 18, 2011], UBS or FINRA had some obligation to serve her attorney with the statement of claim or other documents in the underlying arbitration. This argument lacks any support in the law or in the FINRA Code. Indeed, Domnarski was validly served with the statement of claim (and other follow-up letters) by FINRA but either ignored them or erroneously believed that her attorney was handling the matter.

FINRA Code § 13300(a) states that "initial statements of claim must be filed with the Director, with enough copies for each other party and each arbitrator...The Director will serve the statement of claim on the other parties, and send copies of the statement of claim to each arbitrator." Exhibit C hereto. UBS filed its statement of claim in accordance with FINRA Code § 13300(a). There is no requirement that UBS also send a copy to an attorney for the other party.

Domnarski is an "associated person" under FINRA Code § 13100(a). As an associated person, the FINRA Director properly served her with the initial statement of claim directly at her residential address or usual place of abode. FINRA Code § 13301(a). FINRA served Domnarski at 56 Onley Road, Palmer, MA 01069-9876, the very same address Domnarski lists in her motion as her place of residence. Further, Domnarski does not contend that she was not validly served at that address. Rather, she argues that her attorney should have been sent a copy as well. No such requirement exists under the FAA or FINRA Code.

Domnarski had multiple opportunities to file an appearance and to contest the claims made by UBS. As she was instructed when served with the statement of claim, she had 45 days to serve on each party (1) a signed and dated Submission Agreement; and (2) an Answer specifying the relevant facts and available defenses to the statement of claim. FINRA Code § 13303(a). Domnarski failed to do this.

When FINRA did not receive an Answer from Domnarski, it sent Domnarski a letter informing her that it had not received her Answer. FINRA warned Domnarski that "if a party does not answer within the time period specified in the Code of Arbitration Procedure, the panel may bar that party from presenting any defenses or facts at the hearing. In addition, the party may also be subject to default proceedings." On April 11, 2012, FINRA sent a letter to both parties advising them that an arbitrator was selected. Thus, Domnarski was on notice that no one

9

had filed an answer on her behalf and that the matter was proceeding regardless. Despite this reminder from FINRA, she still did not file an answer or have her attorney file one on her behalf.

FINRA Code § 13806(e)(1) states: "If the associated person does not file an answer, no prehearing conference or hearing will be held, and the arbitrator will render an award based on the pleadings and other materials submitted by the parties." Since neither Domnarski nor her attorney filed a signed Submission Agreement or an Answer, Arbitrator Rabkin appropriately decided the matter on the pleadings and found in UBS's favor.

Domnarski's lone argument – that her attorney did not also receive a copy of the statement of claim – fails to rise to the level of clear and convincing evidence of corruption, fraud or undue means. There was nothing immoral or deceitful in the routine manner in which the arbitration was commended and proceeded. Moreover Domnarski's claim of corruption, fraud or undue means does not relate to a matter at issue in the arbitration but rather relates to whom FINRA is supposed to serve – the attorney or the actual respondent. Finally, the alleged fraud could easily have been discovered by Domnarski had she bothered to review and act upon the notices from FINRA, including the one that advised her that she was delinquent with her answer. Therefore, Arbitrator Rabkin was more than justified in entering a default award in UBS's favor since Domnarski failed to take any steps to defend herself in the underlying matter. The Court should not vacate the validly entered judgment simply because Domnarski has much belatedly decided to engage in the proceedings.

**III.     The Court Should Confirm the Award in Favor of UBS.**

Pursuant to Sections 9 and 13 of the FAA, UBS requests that the Court confirm the award entered in favor of UBS and enter judgment in favor of UBS and against Domnarski in accordance with the award.

In connection with her employment with UBS, UBS and Domnarski agreed that any disputes between them would be arbitrated before FINRA. Peña Aff. at ¶ 3, Ex. 1 thereto at p. 15. In addition, when Domnarski signed the two promissory notes that were at issue, she agreed that any disputes regarding the notes would be subject to FINRA arbitration. Peña Aff. at ¶¶ 5, 6, Exs. 2 and 3 thereto at p. 3. Domnarski further agreed that any court of competent jurisdiction could enter a judgment in conformity with the award. Peña Aff. at ¶3, Ex. 1 thereto at p. 5. ("I agree . . . that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction.")

In accordance with these provisions, when a dispute arose between UBS and Domnarski concerning the repayment of the two promissory notes, UBS initiated arbitration with FINRA titled *UBS Financial Services Inc. v. Nicole Domnarski*, FINRA Dispute Resolution No. 12-00096 (the "Arbitration"). The Arbitration resulted in an award being entered on April 24, 2012. Rowsell Aff. at ¶ 8 and Ex. 4 thereto.

The decision of the arbitrator as stated in the award provides, in relevant part, that: "Respondent [Nicole Domnarski] is liable for and shall pay to the Claimant, [UBS Financial Services Inc.,] the compensatory damages in the amount of $126,442.58. The Arbitrator has assessed the paper decision fee in the sum of $300.00." UBS requests that the Court enter an order confirming this award. UBS further requests that the Court enter judgment in favor of UBS and against Domnarski in conformity with the award pursuant to Sections 9 and 13 of the FAA.

## CONCLUSION

Domnarski's attempt to vacate the award should be denied for both procedural and substantive reasons. Domnarski failed to serve her motion within the three months allowed

11

under the FAA.  Furthermore, the very allegations of Domnarski's motion show that her stated basis for vacating the award – corruption, fraud or undue means – lacks any merit.  To the contrary, the evidence shows that Domnarski herself was validly served with the statement of claim and, despite multiple reminders, failed to take any steps to preserve her rights or contest the claims made against her.  Thus, rather than vacating the award, the Court should instead confirm the award and enter judgment in favor of UBS and against Domnarski.

WHEREFORE, UBS Financial Services Inc., respectfully requests this Court enter an order (1) denying Domnarski's Complaint to Vacate the Arbitration Award; (2) granting UBS' Cross-Motion to Confirm the Arbitration Award; and (3) entering judgment in conformity with the award; and for any other relief deemed necessary.

Respectfully Submitted,
UBS Financial Services Inc.,
By its Attorneys,

*/s/ David W. Krumsiek*
_____
David W. Krumsiek
BBO # 564564
Perry, Krumsiek & Jack, LLP
101 Arch Street, 19th Floor
Boston, MA. 02110
(617) 720-4300

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all counsel of record by filing it electronically via the Electronic Court Filing System of the United States District Court for the District of Massachusetts.

Dated: September 7, 2012                    */s/ David W. Krumsiek*_____
                                            David W. Krumsiek

12