# EXHIBIT C

# FINRA CODE EXCERPTS



Print

## 13100. Definitions

The Industry Code applies to claims filed on or after April 16, 2007. In addition, the list selection provisions of the Industry Code apply to previously filed claims in which a list of arbitrators must be generated after April 16, 2007; in these cases, however, the claim will continue to be governed by the remaining provisions of the old Code unless all parties agree to proceed under the new code.

Unless otherwise defined in the Code, terms used in the Code and interpretive material, if defined in the FINRA By-Laws, shall have the meaning as defined in the FINRA By-Laws.

### (a) Associated Person

The term "associated person" or "associated person of a member" means a person associated with a member, as that term is defined in paragraph (r).

### (b) Award

An award is a document stating the disposition of a case.

### (c) Board

The term "Board" means the Board of Directors of FINRA Dispute Resolution, Inc.

### (d) Claim

The term "claim" means an allegation or request for relief.

### (e) Claimant

The term "claimant" means a party that files the statement of claim that initiates an arbitration under Rule 13302.

### (f) Code

The term "Code" means the Code of Arbitration Procedure for Industry Disputes. For disputes involving customers, see the FINRA Code of Arbitration Procedure for Customer Disputes.

### (g) Counterclaim

The term "counterclaim" means a claim asserted against a claimant by a respondent.

### (h) Cross Claim

The term "cross claim" means a claim asserted by a respondent against another already-named respondent.

### (i) Customer

A customer shall not include a broker or dealer.

### (j) Day

Except as otherwise provided, the term "day" means calendar day. If a deadline specified in the Code falls on a Saturday, Sunday or any FINRA holiday, the deadline is extended until the next business day.

### (k) Director

The term "Director" means the Director of FINRA Dispute Resolution. Unless the Code provides that the Director may not delegate a specific function, the term includes FINRA staff to whom the Director has delegated authority.

**(l) Dispute**

The term "dispute" means a dispute, claim or controversy. A dispute may consist of one or more claims.

**(m) Hearing**

The term "hearing" means the hearing on the merits of an arbitration under Rule 13600.

**(n) Hearing Session**

The term "hearing session" means any meeting between the parties and arbitrator(s) of four hours or less, including a hearing or a prehearing conference.

**(o) Member**

For purposes of the Code, the term "member" means any broker or dealer admitted to membership in FINRA, whether or not the membership has been terminated or cancelled; and any broker or dealer admitted to membership in a self-regulatory organization that, with FINRA consent, has required its members to arbitrate pursuant to the Code and/or to be treated as members of FINRA for purposes of the Code, whether or not the membership has been terminated or cancelled.

**(p) Non-Public Arbitrator**

The term "non-public arbitrator" means a person who is otherwise qualified to serve as an arbitrator and:

(1) is or, within the past five years, was:

(A) associated with, including registered through, a broker or a dealer (including a government securities broker or dealer or a municipal securities dealer);

(B) registered under the Commodity Exchange Act;

(C) a member of a commodities exchange or a registered futures association; or

(D) associated with a person or firm registered under the Commodity Exchange Act;

(2) is retired from, or spent a substantial part of a career engaging in, any of the business activities listed in paragraph (p)(1);

(3) is an attorney, accountant, or other professional who has devoted 20 percent or more of his or her professional work, in the last two years, to clients who are engaged in any of the business activities listed in paragraph (p)(1); or

(4) is an employee of a bank or other financial institution and effects transactions in securities, including government or municipal securities, and commodities futures or options or supervises or monitors the compliance with the securities and commodities laws of employees who engage in such activities.

For purposes of this rule, the term "professional work" shall not include mediation services performed by mediators who are also arbitrators, provided that the mediator acts in the capacity of a mediator and does not represent a party in the mediation.

**(q) Panel**

The term "panel" means the arbitration panel, whether it consists of one or more arbitrators.

**(r) Person Associated with a Member**

The term "person associated with a member" means:

(1) A natural person who is registered or has applied for registration under the Rules of FINRA; or

(2) A sole proprietor, partner, officer, director, or branch manager of a member, or other natural person occupying a similar status or performing similar functions, or a natural person engaged in the investment banking or securities business who is directly or indirectly controlling or controlled by a member, whether or not any such person is registered or exempt from registration with FINRA under the By-Laws or the Rules of FINRA.

For purposes of the Code, a person formerly associated with a member is a person associated with a member.

### (s) Pleadings

A pleading is a statement describing a party's causes of action or defenses. Documents that are considered pleadings are: a statement of claim, an answer, a counterclaim, a cross claim, a third party claim, and any replies.

### (t) Prehearing Conference

The term "prehearing conference" means any hearing session, including an Initial Prehearing Conference, that takes place before the hearing on the merits begins.

### (u) Public Arbitrator

The term "public arbitrator" means a person who is otherwise qualified to serve as an arbitrator and:

(1) is not engaged in the conduct or activities described in paragraphs (p)(1)–(4);

(2) was not engaged in the conduct or activities described in paragraphs (p)(1)–(4) for a total of 20 years or more;

(3) is not an investment adviser;

(4) is not an attorney, accountant, or other professional whose firm derived 10 percent or more of its annual revenue in the past two years from any persons or entities listed in paragraphs (p)(1)–(4);

(5) is not an attorney, accountant, or other professional whose firm derived $50,000 or more in annual revenue in the past two years from professional services rendered to any persons or entities listed in paragraph (p)(1) relating to any customer disputes concerning an investment account or transaction, including but not limited to, law firm fees, accounting firm fees, and consulting fees;

(6) is not employed by, and is not the spouse or an immediate family member of a person who is employed by, an entity that directly or indirectly controls, is controlled by, or is under common control with, any partnership, corporation, or other organization that is engaged in the securities business;

(7) is not a director or officer of, and is not the spouse or an immediate family member of a person who is a director or officer of, an entity that directly or indirectly controls, is controlled by, or is under common control with, any partnership, corporation, or other organization that is engaged in the securities business; and

(8) Is not the spouse or a family member of a person who is engaged in the conduct or activities described in paragraphs (p)(1)–(4). For purposes of this rule, the term immediate family member means:

(A) a person's parent, stepparent, child, or stepchild;

(B) a member of a person's household;

(C) an individual to whom a person provides financial support of more than 50 percent of his or her annual income; or

(D) a person who is claimed as a dependent for federal income tax purposes.

For purposes of this rule, the term "revenue" shall not include mediation fees received by mediators who are also arbitrators, provided that the mediator acts in the capacity of a mediator and does not represent a party in the mediation.

### (v) Related Claim

For purposes of Rule 13803, the term "related claim" means any claim that arises out of the employment or termination of employment of an associated person.

### (w) Respondent

The term "respondent" means a party against whom a statement of claim or third party claim has been filed. A claimant against whom a counterclaim has been filed is not a respondent for purposes of the Code.

### (x) Statement of Claim

The term "statement of claim" means the initial or amended claim filed by the party or parties initiating the arbitration.

### (y) Statutory Employment Discrimination Claim

The term "statutory employment discrimination claim" means a claim alleging employment discrimination, including a sexual harassment claim, in violation of a statute.

### (z) Submission Agreement

The term "Submission Agreement" means the FINRA Submission Agreement. The FINRA Submission Agreement is a document that parties must sign at the outset of an arbitration in which they agree to submit to arbitration under the Code.

### (aa) Temporary Injunctive Order

The term "temporary injunctive order" means a temporary restraining order, preliminary injunction or other form of initial, temporary injunctive relief.

### (bb) Third Party Claim

The term "third party claim" means a claim asserted against a party not already named in the statement of claim or any other previous pleading.

Amended by SR-FINRA-2009-041 eff. Jan. 18, 2010.
Amended by SR-FINRA-2008-031 eff. Feb. 9, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Amended by SR-NASD-2007-021 eff. June 9, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices to Member:** 07-07, 08-22, 08-57, 09-04, 09-74.

©2012 FINRA All rights reserved.



Print

## 13300. Filing and Serving Documents

The Industry Code applies to claims filed on or after April 16, 2007. In addition, the list selection provisions of the Industry Code apply to previously filed claims in which a list of arbitrators must be generated after April 16, 2007; in these cases, however, the claim will continue to be governed by the remaining provisions of the old Code unless all parties agree to proceed under the new code.

(a) Initial statements of claim must be filed with the Director, with enough copies for each other party and each arbitrator. The number of arbitrators is determined in accordance with Rule 13401. The Director will serve the statement of claim on the other parties, and send copies of the statement of claim to each arbitrator.

(b) The parties must serve all other pleadings and other documents directly on each other party. Parties must serve all pleadings on all parties at the same time and in the same manner, unless the parties agree otherwise.

(c) Unless the Code provides otherwise, parties must also file all pleadings and other documents with the Director, with additional copies for each arbitrator. Pleadings and other documents must be filed with the Director at the same time and in the same manner in which they are served on the other parties. Parties filing pleadings and other documents with the Director must include a certificate of service stating the names of the parties served, the date and method of service, and the address(es) to which service was made.

(d) Pleadings and other documents may be filed and served by: first class mail; overnight mail or delivery service; hand delivery; facsimile; or any other method, including electronic mail, that is approved or required by the panel.

(e) Filing and service are accomplished on the date of mailing either by first-class postage prepaid mail or overnight mail service, or, in the case of other means of service, on the date of delivery. Whenever pleadings and other documents must be filed with the Director and served on the other parties, filing and service must occur on the same day and in the same manner, unless the parties agree or the panel directs otherwise.

(f) A party must inform the Director and all other parties in writing of any change of address during an arbitration.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57.

©2012 FINRA. All rights reserved.



Print

## 13301. Service on Associated Persons

The Industry Code applies to claims filed on or after April 16, 2007. In addition, the list selection provisions of the Industry Code apply to previously filed claims in which a list of arbitrators must be generated after April 16, 2007; in these cases, however, the claim will continue to be governed by the remaining provisions of the old Code unless all parties agree to proceed under the new code.

 (a) The Director will serve the initial statement of claim on an associated person directly at the person's residential address or usual place of abode. If service cannot be completed at the person's residential address or usual place of abode, the Director will serve the initial statement of claim on the associated person at the person's business address.

 (b) If a member and a person currently associated with the member are named as respondents to the same arbitration, and the Director cannot complete service as provided in paragraph (a), then the Director may serve the member with the initial statement of claim on behalf of the associated person. If service is made on the member, the member must serve the associated person, even if the member will not be representing the associated person in the arbitration. If the member is not representing the associated person in the arbitration, the member must notify, and provide the associated person's current address to, all parties and the Director.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57.

©2012 FINRA. All rights reserved.



Print

## 13303. Answering the Statement of Claim

The Industry Code applies to claims filed on or after April 16, 2007. In addition, the list selection provisions of the Industry Code apply to previously filed claims in which a list of arbitrators must be generated after April 16, 2007; in these cases, however, the claim will continue to be governed by the remaining provisions of the old Code unless all parties agree to proceed under the new code.

(a) Respondent(s) must directly serve each other party with the following documents within 45 days of receipt of the statement of claim:

- Signed and dated Submission Agreement; and

- An answer specifying the relevant facts and available defenses to the statement of claim.

The respondent may include any additional documents supporting the answer to the statement of claim. Parties that fail to answer in the time provided may be subject to default proceedings under Rule 13801.

(b) The answer to the statement of claim may include any counterclaims against the claimant, cross claims against other respondents, or third party claims, specifying all relevant facts and remedies requested, as well as any additional documents supporting such claim. When serving a third party claim, the respondent must provide each new respondent with copies of all documents previously served by any party, or sent to the parties by the Director.

(c) At the same time that the answer to the statement of claim is served on the other parties, the respondent must file copies of the Submission Agreement, the answer to the statement of claim, and any additional documents, with the Director, with enough copies for the Director and each arbitrator.

(d) If the answer to the statement of claim contains any counterclaims, cross claims or third party claims, the respondent must pay all required filing fees.

Amended by SR-FINRA-2008-031. eff. Feb. 9, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 09-04.

©2012 FINRA. All rights reserved.



Print

## 13806. Promissory Note Proceedings

### (a) Applicability of Rule

This rule applies to arbitrations solely involving a member's claim that an associated person failed to pay money owed on a promissory note. To proceed under this rule, a claim may not include any additional allegations. Except as otherwise provided in this rule, all provisions of the Code apply to such arbitrations.

### (b) Number of Arbitrators

(1) The Director will appoint one arbitrator if:

- the associated person does not file an answer;

- the associated person files an answer but does not allege any counterclaims or third party claims; or

- the associated person files an answer which includes any counterclaims or third party claims requesting money damages, and the amount of the counterclaims or third party claims is not more than $100,000, exclusive of interest and expenses.

(2) The Director will appoint three arbitrators if the associated person files any counterclaims or third party claims and the amount of the counterclaims or third party claims is more than $100,000, exclusive of interest and expenses, or is unspecified, or if the counterclaims or third party claims do not request money damages.

### (c) Composition of Panel

(1) If the panel consists of one arbitrator, the arbitrator will be a public arbitrator selected from the chairperson roster described in Rule 12400(c) of the Code of Arbitration Procedure for Customer Disputes, unless the parties agree in writing otherwise.

(2) If the panel consists of three arbitrators, one arbitrator will be a public arbitrator selected from the chairperson roster described in Rule 12400(c) of the Code of Arbitration Procedure for Customer Disputes, unless the parties agree in writing otherwise; one arbitrator will be selected from the roster of public arbitrators; and one arbitrator will be selected from the roster of non-public arbitrators.

(3) If the Director appoints a panel pursuant to (c)(1) above, and an associated person subsequently files a counterclaim or third party claim that requires appointment of a three-arbitrator panel, the appointed arbitrator will remain on the panel, and will serve as chairperson. In addition, one arbitrator will be selected from the roster of public arbitrators; and one arbitrator will be selected from the roster of non-public arbitrators.

### (d) Discovery

(1) If the associated person does not file an answer, discovery will be conducted under Rule 13800(d) concerning Simplified Arbitration.

(2) If the associated person files an answer, discovery will be conducted under the 13500 series of rules.

### (e) Hearings

(1) If the associated person does not file an answer, no initial prehearing conference or hearing will be held, and the arbitrator will render an award based on the pleadings and other materials submitted by the parties.

(2) If the associated person files an answer, a hearing will be held. If a hearing is held, the regular provisions of the Code relating to prehearing conferences and hearings, including fee provisions and payment of arbitrators, will apply.

### (f) Arbitrator Honoraria

FINRA will pay the arbitrator an honorarium of $125 for each arbitration administered under paragraph (e)(1).

Amended by SR-FINRA-2011-005 eff. June 6, 2011.
Adopted by SR-FINRA-2009-015 eff. Sep. 14, 2009.

**Selected Notices:** 09-48, 11-22.

©2012 FINRA. All rights reserved.